UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

R.L. ROGERS                                                                                    PLAINTIFF

VERSUS                                                    CIVIL ACTION NO. 1:15-CV-53-LG-RHW

STATE OF MISSISSIPPI                                                                  DEFENDANTS

**PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS**

Before the Court is R.L. Rogers' petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  Doc. [1].  According to the evidence and testimony presented at trial, on April 24, 2010, a man wearing a hat, sunglasses, and black jacket, entered the Advance America cash advance business located in Gulfport, Mississippi brandishing a pistol.  *Rogers v. State of Mississippi*, 130 So.3d 544 (Miss. Ct. App. 2013).  He pushed patron Megan Smith out of his way, pointed the gun at store manager Josephine Hurt, and demanded money.  After the man retrieved $1,310 from the store's cash register, he ordered Smith and Hurt to get on the floor then left the store.  Shortly thereafter, Gulfport Police Officers received a call about a man in a nearby neighborhood who matched the robber's description.  When officers arrived to the reported location they found Rogers hiding in a bush.  Rogers attempted to flee, but was quickly apprehended.  Police officers discovered a pair of sunglasses, a black jacket, a chrome .22 Jennings pistol, and $1,310 in cash in the area where Rogers had been hiding.

Officer Matthew Thomas, an investigator with the Gulfport Police Department testified that, when asked if he wanted to make a statement, Rogers replied, "You guys found the money, my clothes[,] and the gun.  Why do I need to make a statement[?]" Doc. [11-3] at 79-80.  At the conclusion of the trial, by way of an oral stipulation between Rogers and the State, the jury was given the following instruction:

> The Court instructs the jury that the Defendant has stipulated to the fact that he has a felony conviction that occurred on a date prior to April 24, 2010. The Court instructs the jury that this prior conviction of the Defendant may not be considered as evidence that the Defendant has committed the offense with which he is currently charged in Count 2 of the Indictment. It may, however, be used for the limited and sole purpose of proving the prior conviction element of the crime of unlawfully possessing a firearm after having previously been convicted of a felony.

Doc. [11-1] at 54.

The jury found Rogers guilty of armed robbery and unlawful possession of a firearm by a convicted felon. Doc. [11-1] at 61-62. The trial court sentenced Rogers as an habitual offender and imposed consecutive sentences of twenty-three (23) years for armed robbery and ten (10) years for unlawful possession of a firearm by a convicted felon. Doc. [11-1] at 62. Rogers filed a direct appeal. The Mississippi Court of Appeals affirmed the conviction and sentence. *See Rogers v. State of Mississippi*, 130 So.3d 544 (Miss. Ct. App. 2013).

Rogers then filed a Motion for Post-Conviction Collateral Relief with the Mississippi Supreme Court in which he raised the following assignments of error: (1)(a) with respect to the unlawful possession of a firearm by a convicted felon charge, the State failed to prove beyond a reasonable doubt, through constitutionally sufficient evidence, every element of habitual offender status pursuant to Miss. Code Ann. § 99-19-81; (1)(b) the trial court erred in allowing the jury to determine habitual offender status absent a bifurcated trial; (2) the trial court committed plain error in allowing the State to introduce a statement made by Rogers before he was advised of his constitutional right to remain silent as per *Miranda v. Arizona*, 384 U.S. 436, 478 (1966); (3) the trial court erred in failing to declare a mistrial when the jury began its deliberations during the testimony of the State's first witness; (4) he received an illegal sentence; and (5) he received

ineffective assistance of counsel. Doc. [10-2] at 1. The Mississippi Supreme Court denied Rogers' motion for post conviction relief. Specifically, the Court concluded that claims (1)(a), (1)(b), and (3) were barred by the doctrine of *res judicata* because they were raised on direct appeal. Further, the Court found no arguable basis for claims (2) and (4), and held that Rogers' ineffective assistance of counsel claim (5) failed to satisfy the requisite prongs of deficient performance and prejudice defined in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct 2052 (1984). The Court denied Rogers' petition for writ of certiorari. Doc. [10-2] at 1.

Rogers then filed the instant petition for writ of habeas corpus. The claims raised in this petition parallel the claims raised in his motion for post conviction relief. Specifically, he asserts: (1)(a) with respect to the unlawful possession of a firearm by a convicted felon charge, the State failed to prove beyond a reasonable doubt, through constitutionally sufficient evidence, each and every element of habitual offender status pursuant to Miss. Code Ann. § 99-19-81; (1)(b) the trial court erred in allowing the jury to determine habitual offender status absent a bifurcated trial; (2) the trial court committed plain error in allowing the State to introduce a statement made by Rogers before he was advised of his *Miranda* rights; (3) the trial court erred in failing to declare a mistrial when the jury began its deliberations during the testimony of the State's first witness; and (4) ineffective assistance of counsel. Doc. [1] at 2.

## LAW AND ANALYSIS

**Standard of Review**

The issues presented in the instant petition were presented to the Mississippi Court of Appeals and to the Mississippi Supreme Court. Accordingly, this Court will follow the provisions of 28 U.S.C. § 2254(d), which provides that:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

When reviewing state court habeas decisions, a federal court employs a highly deferential standard to evaluate state-court rulings.  *Bell v. Cone*, 543 U.S. 447, 455 (2005).

**Issue 1(a): Sufficiency Of The Evidence**

Rogers argues that his sentencing as an habitual offender pursuant to Miss. Code Ann. § 99-19-81 should be overturned because the State failed to produce sufficient evidence of prior felony convictions.  Although less clear, it appears that Rogers challenges his conviction for unlawful possession of a firearm by a convicted felon (Miss. Code Ann. § 97-37-5(1)) on the same basis.  Rogers contends that the State failed to provide the trier of fact with evidence to verify defense counsel's stipulation to Rogers' prior felony convictions.

In assessing the sufficiency of the evidence to support a state conviction, a federal habeas court must inquire, after viewing the evidence in a light most favorable to the prosecution, whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *West v. Johnson*, 92 F.3d 1385, 1393 (5th Cir. 1996).  The State indicted Rogers for violations of Miss. Code. Ann. § 97-3-79 (armed robbery), § 97-37-5 (unlawful possession of a firearm by a convicted felon), and § 99-19-81 (habitual offender).  Rogers does not challenge the sufficiency of the evidence with respect

to the armed robbery conviction.  He only challenges whether the state met its burden of proving his prior felony convictions as they relate to unlawful possession of a firearm by a convicted felon and as they relate to his status as an habitual offender.

In relevant part, § 97-37-5(1) states that:

It shall be unlawful for any person who has been convicted of a felony under the laws of this state, any other state, or of the United States to possess any firearm . . . unless such person has received a pardon for such felony, has received a relief from disability pursuant to Section 925(c) of Title 18 of the United States Code, or has received a certificate of rehabilitation pursuant to subsection (3) of this section.

To convict Rogers under §97-37-5(1) the State therefore, was required to prove beyond a reasonable doubt that Rogers (1) was a convicted felon and (2) had been in possession of a firearm.  The habitual offender statute under § 99-19-81 provides:

Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.

The State was relieved of its burden of proving that Rogers was a convicted felon under either § 97-37-5(1) or § 99-19-81 when Rogers, through counsel, stipulated to prior felony convictions by means of a jury instruction.  As noted by the Mississippi Court of Appeals, "Rogers's attorney explicitly stipulated into the record that Rogers had previously been convicted of a felony.  During a pretrial hearing, before voir dire, and during the hearing on Rogers's motion for a directed verdict, Rogers's attorney repeatedly expressed her preference that the stipulation appear in a jury instruction." *Rogers*, 130 So.3d at 550.  In the federal criminal

5

context, courts have held that stipulations provide sufficient evidence to prove prior felony convictions . *See United States v. Hardin*, 139 F.3d 813, 815-16 (11th Cir. 1998); *United States v. Mason*, 85 F.3d 471, 472 (10th Cir. 1996) ("[T]he jury need not resolve the existence of an element when the parties have stipulated to the facts which establish that element."). Once a stipulation has been agreed upon, "[t]he government is relieved of its burden to prove the fact which has been stipulated by the parties." *United States v. Branch*, 46 F.3d 440, 442 (5th Cir. 1995). Moreover, failure to offer evidence that would alone satisfy the stipulated-to-fact does not vitiate the sufficiency of a jury conviction. *See Hardin*, 139 F.3d at 815-16; *Mason*, 85 F.3d at 472; *United States v. Harrison,* 204 F.3d 236, 240 (Fed. Cir. 2000) ("It is well settled that a defendant, by entering into a stipulation, waives his right to assert the government's duty to present evidence to the jury on the stipulated element.").

With the prior felony conviction element satisfied *vis a vis* the stipulation, the State only needed to prove beyond a reasonable doubt that Rogers had possessed a firearm to convict him under § 97-37-5 (unlawful possession of a firearm by a convicted felon). A review of the trial court record shows that the evidence was sufficient. The robber of the Advance America cash advance business wore a black jacket, brandished a pistol, and got away with $1,310 in cash. *Id.* at 551. At trial, the State introduced into evidence a black jacket, $1,310 in cash, and a chrome .22 Jennings pistol which were all recovered from the area where Rogers was apprehended. Furthermore, multiple witnesses positively identified Rogers as the robber, including the store's manager who emphatically testified that, "I'm 100 percent sure he's the man that came in my store." Doc. [11-2] at 137. In light of the overwhelming evidence adduced at trial, the undersigned finds that there was constitutionally sufficient evidence for a rational trier of fact to

find Rogers guilty beyond a reasonable doubt of the essential elements of unlawful possession of a firearm by a convicted felon. With respect to Rogers' sentence as an habitual offender for purposes of § 99-19-81, in addition to the stipulation, the trial judge found that Rogers had committed prior felony convictions based on the documentation provided by the State prior to sentencing. *See* Doc. [11-4] at 14-15. Rogers fails to demonstrate that the state appellate court's decision on this issue was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court, or that the state court's decision was based on an unreasonable determination of facts in light of the evidence presented at trial.

**Issue 1(b): Bifurcated Trial**

Notwithstanding the stipulation to his prior felony convictions, Rogers claims that the trial court erred in allowing the jury to determine habitual offender status without having a bifurcated trial. This claim is without merit. The purpose of a bifurcated hearings on guilt and habitual offender status is to give the defendant an opportunity to challenge the fact of his prior convictions in a setting separate from the guilt-determination phase. *See Hilliard v. State of Mississippi*, 175 So. 3d 554, 561-62 (Miss. Ct. App. 2015). Under Mississippi law (§ 99-19-81), a bifurcated trial regarding habitual offender status is mandatory. *See Seely v. State of Mississippi*, 451 So.2d 213, 214 (Miss. 1984). "A jury is to decide the question of guilt and subsequently the circuit judge is to serve as the finder of fact in determining whether the habitual offender part of the indictment is established by the requisite degree of proof." *Id.* at 215. However, a bifurcated trial is not recognized as a federal constitutional right. *See United States v. Huff*, 409 F.2d 1225, 1228 (5th Cir. 1969), *quoting, Spencer v. State of Texas*, 385 U.S. 554,

567-568 (1967) ("Two-part jury trials are rare in our jurisprudence; they have never been compelled by this Court as a matter of constitutional law, or even as a matter of federal procedure.").

In this case, by stipulating to his prior felony convictions, Rogers chose to forego his right to hold the State to its burden of proof as to his prior convictions. As the Mississippi Court of Appeals noted, "Rogers conceded that... he had previously been convicted of a felony. In return, Rogers avoided the possible prejudicial effect of the jury's awareness of his specific prior bad acts as set forth in the pen-pack that the prosecution intended to introduce." *Rogers*, 130 So.3d 544 at 551. After the stipulation, it was unnecessary for the trial court to hold a separate trial to satisfy the prior convictions element of § 97-37-5. The trial court record shows that procedural safeguards were taken: The jury was properly instructed with a limiting instruction, to prevent any undue prejudice that might have come from Rogers' stipulation of a prior felony conviction. Doc. [11-1] at 54; *see United States v. Henry*, 940 F.Supp. 342, 347 (D.D.C. 1996)(finding that a cautionary jury instruction as to how the jury should consider stipulation to defendant's prior felony convictions cured any prejudice to the defendant).

With respect to the habitual offender statute, § 99-19-81, the trial court satisfied the statute's requirements by finding that Rogers was an habitual offender "[b]ased on the documentation provided by the State". Doc. [11-4] at 14-15. Subsequent to the jury's finding of guilt and just prior to rendering sentence, the trial judge outlined the specific convictions and the dates of conviction. *Id.* Hence, Rogers was afforded the opportunity to challenge the prior convictions as they related to his status as an habitual offender. In other words, the trial court satisfied the requirement for bifurcated hearing as to Rogers' habitual offender status under

Mississippi law. *See Seely*, 451 So.2d at 215. Regardless, Rogers has failed to demonstrate that his right to a bifurcated hearing violates federal constitutional law.

**Issue 2: Pre-Miranda Statement**

Rogers contends that the trial court committed plain error by allowing the State to introduce a statement he made prior to being advised of his constitutional right to remain silent in violation of *Miranda*. Officer Thomas, an investigator with the Gulfport Police Department testified that Rogers told him "You guys found the money, my clothes[,] and the gun. Why do I need to make a statement[?]" Doc. [11-3] at 79-80. The undersigned finds Rogers claim is without merit for the following two reasons:

**(1) State Procedural Bar**

Rogers claim is barred by an independent and adequate state procedural rule. The Mississippi Court of Appeals held that, since Rogers failed to object to the introduction of the statement and never moved to suppress the statement, the issue was procedurally barred pursuant to Miss. Code Ann. § 99-39-21(1), which states in relevant part that

> [f]ailure by a prisoner to raise objections, defenses, claims, questions, issues or errors either in fact or law which were capable of determination at trial and/or on direct appeal, regardless of whether such are based on the laws and the Constitution of the state of Mississippi or of the United States, shall constitute a waiver thereof and shall be procedurally barred, but the court may upon a showing of cause and actual prejudice grant relief from the waiver.

Federal courts will not consider claims on habeas review that were denied by a state court due to an "independent and adequate" state procedural rule unless a petitioner demonstrates cause and actual prejudice. *See Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). State procedural bars are independent and adequate when the state has "strictly or regularly applied

[them]." *See Stokes v. Anderson*, 123 F.3d 858, 860 (5th Cir. 1997). Absent proof of cause and actual prejudice habeas review is available when a petitioner proves his innocence of the crime of conviction and thereby shows that a "fundamental miscarriage of justice" occurred. *See Murray v. Carrier*, 477 U.S. 478, 496 (1986). To demonstrate a fundamental miscarriage of justice a petitioner must introduce new facts that raise "sufficient doubt" to undermine confidence in the trial court's decision. *See Schlup v. Delo*, 513 U.S. 298, 317 (1995).

The Fifth Circuit has determined that "§ 99–39–21(1) does contain an independent state procedural bar. The question, then, is whether this bar is 'adequate,' and this hinges on whether Mississippi has strictly or regularly applied it." *Stokes*, 123 F.3d at 860. Rogers must show "that the state did not strictly or regularly follow a procedural bar around the time of his appeal" and must "demonstrate that the state has failed to apply the procedural bar to claims identical or similar" to the claims presented here. *Id.* However, Rogers "has not pointed to a single case where the Mississippi Supreme Court has failed to apply the § 99–39–21(1) procedural bar to a claim identical or similar to one of his own procedurally barred claims." *Id.* at 861. Accordingly, he "has failed to carry his burden of showing inconsistent and irregular application of the § 99–39–21(1) bar; and he has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule." *Id.*

Rogers makes no attempt to demonstrate cause for the default or prejudice. Moreover, Rogers is unable to demonstrate "as a factual matter, that he did not commit the crime of conviction," which is required for demonstrating a fundamental miscarriage of justice. *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999). Rogers merely asserts that "the investigator took what was said out of context which was not an actual confession but intended as sarcasm." Doc.

[1] at 7.  The undersigned finds that Rogers has failed to overcome the state procedural bar of § 99-39-21(1).

### (2) Rogers Volunteered The Statement

Even if the claim was not barred, Rogers statement did not result in a violation of his *Miranda* rights because it was a spontaneous and voluntary statement.  Spontaneous statements initiated by a defendant and not made in response to questions posed by the police do not qualify as statements made during interrogation.  *See Pennsylvania v. Muniz*, 496 U.S. 582, 603-04 (1990).  "Any statement given freely and voluntarily without any compelling influences is, of course, admissible in evidence... Volunteered statements of any kind are not barred by the Fifth Amendment." *Miranda*, 384 U.S. at 478.

The incriminating statements made by Rogers were not responsive to Officer Matthew Thomas' question, "would you like to sit down and make a statement in regards to this incident?"  Instead of answering the question of whether he would like to make a statement, Rogers volunteered incriminating information.  The fact that Rogers now claims that the statement was "taken out of context," and that it "was intended as sarcasm" is of no consequence to this Court.  Doc. [1] at 7.  The undersigned finds that the statement was voluntarily given and that the trial court did not err in allowing it to be introduced at trial.

### Issue 3: Mistrial For Premature Jury Deliberations

Rogers argues that the trial court erred when it failed to declare a mistrial after the bailiff overheard several jurors discussing Josephine Hurt's testimony before being instructed to begin deliberations.  In federal habeas actions, the findings of a trial court, including a finding that juror's conduct did not impair the court's ability to render an impartial verdict, are presumptively

11

correct. *Smith v. Phillips*, 455 U.S. 209 (1982). The trial court's denial of Rogers' motion for a mistrial justifies federal habeas corpus relief only if it was "error ... so extreme that it constitutes a denial of fundamental fairness under the Due Process Clause." *See Hernandez v. Dretke*, 125 F. App'x 528, 529 (5th Cir. 2005), *quoting*, *Bridge v. Lynaugh*, 838 F.2d 770, 772 (5th Cir.1988). In order to obtain relief, Rogers must show that the trial court's error had a "substantial and injurious effect or influence in determining the jury's verdict." *See Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993). Rogers must show that "there is more than a mere reasonable possibility that [the error] contributed to the verdict. It must have had a substantial effect or influence in determining the verdict." *Woods v. Johnson*, 75 F.3d 1017, 1026 (5th Cir.1996).

The record demonstrates that the trial court's denial of Rogers' motion did not constitute a denial of his due process rights, and that the denial had neither a substantial nor an injurious effect in determining the jury's verdict. Although eight of thirteen jurors admitted to hearing or participating in discussion of Hurt's testimony, when questioned individually, the jurors indicated that they had not formed an opinion regarding the outcome of the case or any of the testimony. Doc. [11-3] at 140-67. Moreover, the jury was repeatedly admonished and given curative instructions to prevent any further mishaps. Doc. [11-3] at 182-83, 245-46.

Both the Mississippi Court of Appeals and the Mississippi Supreme Court found no abuse of discretion in the trial court's refusal to grant a mistrial. The appellate court stated that "[t]he standard of review for [the] denial of a motion for [a] mistrial is abuse of discretion," and that "failure to grant a mistrial is considered an error only where there is a determination of an abuse of discretion by the trial judge." *Rogers*, 130 So. 3d at 552 (citations omitted). Rogers fails to demonstrate that the state appellate court's decision on this issue was contrary to, or

involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court, or that the state court's decision was based on an unreasonable determination of facts in light of the evidence presented at trial. Therefore, the undersigned finds that habeas relief is not warranted.

**Issue 4: Ineffective Assistance Of Counsel**

Rogers asserts that his trial attorney rendered constitutionally ineffective assistance of counsel. Although without providing much elaboration, the Mississippi Supreme Court found no merit to Rogers' claim of ineffective assistance of counsel when it was raised in his motion for post conviction relief, merely holding that he failed to satisfy the two-prong test of *Strickland v. Washington,* 466 U.S. 668, 687 (1984). Doc. [10-2]. To satisfy *Strickland*, Rogers must prove not only that counsel was objectively deficient and not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment, but also that this deficient performance prejudiced the defense. *Id.*

In order to show that counsel's performance was deficient, Rogers "must identify the acts and omissions of counsel that are alleged not to have been the result of reasonable judgement." *Id.* at 690. For the second prong, in order to show that his defense was prejudiced, Rogers "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different." *Id.* at 694. Furthermore, "a court need not address both prongs [of an ineffective assistance of counsel claim,] ... but may dispose of such a claim based solely on a petitioner's failure to meet either prong of the test." *Amos v. Scott,* 61 F.3d 333, 348 (5th Cir.1995).

**Stipulation To Prior Felony Convictions**

Rogers argues that defense counsel was deficient for stipulating that he in fact had been convicted previously of a felony.  Rogers contends that it was the decision of counsel to stipulate to prior his felony convictions, not his own, and that his defense was significantly prejudiced as a result.  The court will not analyze counsel's actions in hindsight, but will judge counsel's decisions in a highly deferential manner.  *Motley v. Collins,* 18 F.3d 1223, 1226 (5th Cir.1994); *quoting Strickland,* 466 U.S. at 689.  Furthermore "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy." *Id*.

Defense counsel stipulated that Rogers was a convicted felon.  The record indicates that Rogers had at least four prior felony convictions and that the prosecution was prepared to introduce sentencing orders and/or a pen-pack to prove such.  Doc. [11-2] at 7; [11-4] at 14-15.  As a matter of explicit trial strategy, defense counsel limited testimony averse to her client's interests by stipulating to the prior convictions.  Doc. [11-2] at 3-7.  Rogers does not contend that he is not a convicted felon.  Absent the stipulation the state would have presented evidence to the jury of Rogers' prior convictions, thereby eviscerating a central component of defense counsel's trial strategy.  Rogers has demonstrated neither that his defense counsel's performance was deficient nor that his defense was prejudiced as a result of any alleged deficiency.  *Strickland*, 466 U.S. at 687.  Rogers' claim concerning improper stipulation to his prior convictions is therefore without merit.

**Failure To Object To Prosecutor's Opening Statement / "Testimony"**

Rogers asserts that his counsel was ineffective in failing to object to the prosecutor testifying before the jury. The record reflects that the prosecutor was never under oath. Nor was he ever directly examined by defense counsel. Rogers presumably is referring to the prosecution's opening and closing statements in which he referenced Rogers' prior felony convictions.

The trial court judge properly instructed the jury that opening statements, and the statements of attorneys generally, were not to be construed as evidence. Doc. [11-2] at 120. Moreover, an essential element of the crime of possession of a firearm by a convicted felon is that the defendant had a prior felony conviction. Rogers stipulated that he had prior felony convictions, as reflected in the jury instructions. Hence, there was nothing improper in the prosecutor making reference to Rogers' prior felony convictions. If defense counsel had objected to the prosecution's reference to prior felony convictions, it would have been frivolous and futile. Counsel's failure to make a frivolous objection cannot serve as the basis for ineffective assistance of counsel. *See Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998).

**Failure To Object To The Admission Of Rogers' Pre-Miranda Statement**

Rogers asserts that his counsel was ineffective in failing to object to the trial court allowing his incriminating statement to be introduced at trial. As discussed above, because the statement was spontaneous and voluntarily given it was not a violation of his *Miranda* rights. *See Hersick v. State of Mississippi*, 904 So. 2d 116, 127 (Miss. 2004)(holding that a statement initiated by the defendant and "not [made] in response to questioning," was admissible as a voluntary, spontaneous statement that "would not be subject to the Miranda ruling"). Moreover,

15

even if defense counsel's failure to object was deficient, nothing suggests that the admission of the statement prejudiced Rogers' trial. Given the overwhelming weight of the other evidence of guilt, there is no reasonable probability that the result of the proceeding would have been different. Given the eyewitness accounts and the circumstantial evidence connecting Rogers with the jacket, gun and cash, the statement was unnecessary to secure Rogers' conviction. The undersigned finds no merit to Rogers' claim of ineffective assistance of counsel on the basis of defense counsel's failure to object to the admission of Rogers' statement.

### Failure To Object To Lack Of Bifurcated Trial For Habitual Offender Status

Rogers asserts that counsel was ineffective for failing to object to the lack of a bifurcated trial. As explained above, § 99-19-81 mandates bifurcated hearings. *See Seely v. State of Mississippi*, 451 So.2d 213 (Miss. 1984)(stating that "under [Miss. Code Ann.] §99-19-81 a bifurcated trial is mandatory"); *Carr v. State of Mississippi*, 178 So. 3d 344 (Miss. Ct. App. 2014). For the purpose of determining habitual offender status, a bifurcated trial requires that the trial judge make a factual determination regarding the existence of a defendant's prior felony convictions. *See Seely*, 451 So. 2d at 214. The effect of Rogers' stipulation was an admission of guilt. *See Wilkins v. State of Mississippi*, 57 So.3d 19, 26 (Miss.Ct.App.2010)("Generally, to sentence a defendant as a habitual offender, the State must prove the prior offenses by competent evidence, and the defendant must be given a reasonable opportunity to challenge the prosecution's proof. However, where the defendant enters a plea of guilty and admits those facts which establish his habitual status, the State has met its burden of proof.").

There is no factual dispute regarding the existence of Rogers' prior felony convictions. Rogers does not challenge the existence or the validity of the prior felony convictions that served

as the basis for finding that he was an habitual offender.  Just prior to rending sentence, the trial judge, as the finder of fact, found that Rogers qualified as an habitual offender:

> Based on the documentation provided by the State the Court finds that you do, in fact, qualify as an habitual offender pursuant to that code section as you have been at least twice previously convicted of felony crimes or federal crimes upon charges separately brought and arising out of separate incidents at different times and were sentenced in each of those to a separate term of imprisonment of one year or more.

Doc. [11-4] at 313-14.  The trial judge satisfied the requirement for a bifurcated hearing when she determined Rogers' habitual offender status in a separate proceeding, subsequent to the jury trial, and just before rendering sentence.  Consequently, the undersigned finds no ineffective assistance of counsel based on counsel's failure to request a bifurcated trial.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that R.L. Rogers' 28 U.S.C. § 2254 petition be denied.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court.  A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections.  Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties.  A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by

the District Court.  Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed **factual findings and legal conclusions** that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED, this the 24th day of August, 2016.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE