# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

**R.L. ROGERS**                                                          **PETITIONER**

**v.**                                              **CAUSE NO. 1:15CV53-LG-RHW**

**MARSHAL TURNER, Warden**                                   **RESPONDENT**

## ORDER ADOPTING PROPOSED FINDINGS
## OF FACT AND RECOMMENDATIONS AND
## DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

THIS CAUSE comes before the Court on the Proposed Findings of Fact and Recommendations [16] of United States Magistrate Judge Robert H. Walker entered on August 24, 2016. Magistrate Judge Walker reviewed Petitioner's Application for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, the Respondent's answer, and the state court record. He determined that the grounds asserted in the Application did not entitle Petitioner to relief, and therefore recommended that the application be denied and the petition dismissed. The petitioner filed an objection to the Proposed Findings of Fact and Recommendations, which the Court overrules. The Magistrate Judge's recommendation will be adopted by the Court, and this cause dismissed.

## BACKGROUND

Rogers was found guilty of armed robbery and unlawful possession of a firearm by a convicted felon. He appealed his conviction, and it was confirmed by the Mississippi Court of Appeals. Rogers then filed a motion for post-conviction relief, which was denied. Finally, Rogers filed this federal petition for writ of habeas corpus. Magistrate Judge Walker noted that all of the grounds presented in this

habeas petition had been presented to the Mississippi Court of Appeals and the Mississippi Supreme Court, and therefore he thoroughly reviewed the merits of each ground pursuant to 28 U.S.C. § 2254(d).

Rogers' first ground is his contention that the stipulation to his previous felony convictions in a jury instruction was insufficient to support his conviction for felon in possession of a firearm.  As Magistrate Judge Walker noted, the jury instruction was Rogers' counsel's desired method of getting the parties' stipulation before the jury.  (S.C.R. briefs part 1, 59-62 (¶¶ 20-23), ECF No. 11-5).  The Mississippi Court of Appeals found no error in the procedure, since "[t]he circuit court gave Rogers precisely what his attorney requested."  (*Id.* at 64).  Magistrate Judge Walker determined that the Court of Appeals' decision was not contrary to federal law, as the government has no duty to present evidence of a stipulated-to fact.  *See United States v. Hardin*, 139 F.3d 813, 815-16 (11th Cir. 1998); *United States v. Mason*, 85 F.3d 471, 472 (10th Cir. 1996)*; United States v. Harrison,* 204 F.3d 236, 240 (Fed. Cir. 2000).

In his second ground, Rogers contends that the trial court erred in allowing the jury to determine habitual offender status without having a bifurcated trial. Magistrate Judge Walker noted that a bifurcated trial is not a federal constitutional right.  *See United States v. Huff*, 409 F.2d 1225, 1228 (5th Cir. 1969).

Rogers next contends that the trial court erred in allowing the State to introduce a statement he made prior to being advised of his right to remain silent. The Court of Appeals found the issue procedurally barred on appeal, because Rogers

did not move to suppress the statement or object to its introduction at trial.  As Magistrate Judge Walker noted, the state court's application of the procedural bar makes this claim unreviewable in a federal habeas proceeding.

Rogers next argues that the trial court erred when it failed to declare a mistrial after a bailiff overheard several jurors discussing the testimony of a witness before being instructed to begin deliberations.  Both on appeal and in post-conviction proceedings, the state courts found no abuse of discretion in the trial court's refusal to grant a mistrial.  This finding is presumed to be correct, *Smith v. Phillips*, 455 U.S. 209 (1982), and Rogers did not demonstrate that the state courts misapplied federal law.

Finally, Rogers makes several claims of ineffective assistance of counsel.  The Magistrate Judge found that none met the standard of *Strickland v. Washington*, 466 U.S. 668 (1984).

## DISCUSSION

The Court must review any objected-to portions of a report and recommendation *de novo*.  *See Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 646 (5th Cir. 1994); *Longmire v. Guste*, 921 F.2d 620, 623 (5th Cir. 1991).  Such a review means that the Court will consider the record which has been developed before the Magistrate Judge and make its own determination on the basis of that record.  *United States v. Raddatz*, 447 U.S. 667, 675 (1980).  The Court need not, however, conduct a *de novo* review when the objections are frivolous, conclusive, or general in nature.  *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

Merely reurging the allegations in the petition or attacking the underlying conviction is insufficient to receive *de novo* review. *Pacheco v. Corr. Corp. of Am.*, No. 5:14-CV-88-DCB-MTP, 2015 WL 5156771, at *2 (S.D. Miss. Sept. 2, 2015). *See also Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993) (no factual objection is raised when a petitioner merely re-urges arguments contained in the original petition). When a *de novo* review is not warranted, the Court need only review the findings and recommendation and determine whether they are either clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

Rogers' objections concern his stipulation and the trial court's failure to bifurcate the trial or declare a mistrial. However, his objections are simply a reurging of the grounds for relief presented in his federal habeas petition. The Magistrate Judge conducted a thorough analysis of each issue, and Rogers does not demonstrate that the Magistrate Judge made an error of fact or law. After reviewing the Proposed Findings of Fact and Recommendations, the Court finds it is neither clearly erroneous nor contrary to law. It will be adopted as the opinion of this Court.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Proposed Findings of Fact and Recommendations [16] of United States Magistrate Judge Robert H. Walker entered in this cause on August 24, 2016, should be, and the same hereby is, adopted as the opinion of this Court.

**IT IS FURTHER ORDERED AND ADJUDGED** that Petitioner's Application for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is **DENIED** and

the petition is **DISMISSED**.

      **SO ORDERED AND ADJUDGED** this the 12th day of September 2016.

s\ *Louis Guirola, Jr.*

Louis Guirola, Jr.
Chief U.S. District Judge